```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**TINA McCALLISTER,**

    **Plaintiff,**

**v.**                                      **Civil Action No. 2:07-00309**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION

    Pending before the court are the parties' respective motions for judgment on the pleadings. (Doc. Nos. 17, 19.) By Standing Order entered on August 1, 2006, and filed in this case on May 16, 2007, this matter was referred to United States Magistrate Judge Mary E. Stanley. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendations concerning the disposition of this matter. On April 30, 2008, Magistrate Judge Stanley submitted her Proposed Findings and Recommendations ("PF & R"). (Doc. No. 20.) On June 4, 2008, the plaintiff filed timely objections to the PF & R (Doc. No. 23), and the court has accordingly conducted a de novo review of the case.

**I.    The Plaintiff's Objections**

    The plaintiff submitted the following objections to the PF & R: (1) the ALJ erroneously determined that the plaintiff's subjective complaints of pain lacked credibility; (2) the ALJ

erred by not allocating greater weight to the opinion of Dr. Goudy, her treating physician; (3) the ALJ committed error by failing to properly develop the record; (4) the ALJ failed to considered her impairments in combination with each other; and (5) the ALJ posed an improper hypothetical question to the vocational expert. (Doc. No. 23.) Although all of these objections are mere regurgitation, as they reiterate the exact complaints raised by the plaintiff's motion for judgment on the pleadings, the court has conducted a de novo review of the ALJ's assessment of the plaintiff's subjective complaints of pain and the ALJ's determination that the opinion of Dr. Goudy was inconsistent with the medical evidence of record. The court has not, however, conducted a de novo review of the plaintiff's objections to the development of the record, the hypothetical question, and the consideration of impairments. Those objections are incoherent, unresponsive to the PF & R, and/or conclusory. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## II. Analysis

The court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly,

substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

**A.  The ALJ's Application of the Craig Requirements.**

As the Fourth Circuit Court of Appeals explained in Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), "the determination of whether a person is disabled by pain or other symptoms is a two-step process."  First, the court must determine from objective medical evidence whether there exists a medical impairment "which could reasonably be expected to produce the pain or other symptoms alleged."  Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)).  Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work."  Craig, 76 F.3d at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1)).  In conducting this evaluation, the ALJ is to consider all available evidence, including the claimant's statements about his pain, his medical history, medical signs, laboratory findings, objective evidence of pain, as well as evidence tending to show the severity of the impairment.  Craig, 76 F.3d at 595.  The judge might consider, for example, evidence relating to the claimant's activities and treatment taken to alleviate pain.  Id.

In the instant case, the ALJ found that the plaintiff met the threshold test of showing objective medical evidence that could reasonably be expected to produce the alleged pain.  (Doc.

No. 20 at 14.)  After making this initial finding, the ALJ proceeded to the second step of the Craig analysis and, contrary to the plaintiff's objections, considered the plaintiff's daily activities; the location, duration, intensity, and frequency of pain; precipitating and aggravating factors; the plaintiff's medications and side effects; and treatment other than medication.  (Id. at 14-15.)  A review of this information revealed that the plaintiff "continues to drive, an activity that may require extended concentration," "worked for several months as a telemarketer," "has taken the GED test and passed every subject but math," "has not been to a neurosurgeon or a pain management specialist," and "has failed to maintain consistent treatment for her physical and mental impairments."  (Id. at 17-18.)  Consequently, the ALJ concluded that the plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible."  (Id. at 17.)

　　The ALJ's pain and credibility analysis therefore touched upon virtually every factor identified in the appropriate rules and regulations, and furthermore, did not ignore the side effects of plaintiff's medications.  Accordingly, this court finds that the ALJ's pain and credibility analysis is consistent with the

applicable rules and regulations and is supported by substantial evidence.  The plaintiff's objection to the contrary is overruled.

**B.   Opinion of Dr. Goudy**

In considering evidence in the form of medical opinion, an ALJ may properly give more or less weight to an opinion depending on its consistency with the record as a whole.  20 C.F.R. § 416.927(d)(4).  Although the opinion of an examining expert is generally given more weight than that of a non-examining expert, id. § 416.927(d)(1), the opinion of a non-examining expert can be relied upon when it is consistent with the record.  Smith v. Schweiker, 795 F.2d 343, 346 (4th Cir. 1986) (holding that the testimony of a non-examining physician can constitute substantial evidence to support the Secretary's decision even where contrary to that of examining or treating physicians).

In the instant case, Dr. Goudy expressed the following opinions about the plaintiff's mental impairments and resulting limitations: the plaintiff had mild to moderate limitation in activities of daily living; moderate to marked limitation in social functioning; and marked impairment in concentration, persistence, and pace.  (Doc. No. 20 at 23.)  After reviewing state agency non-examining sources and Process Strategies, an examining source, the ALJ concluded that the plaintiff had only a mild limitation in activities of daily living; moderate

5

limitation in social functioning; and moderate limitation in concentration, persistence, and pace.  (Id.)  Particularly, the ALJ noted that the plaintiff's daily activities included taking care of her son and pet, going out a couple of times per day, taking her son to the park, driving, cooking, and shopping, and that the plaintiff is able to interact well with others, make direct eye contact, groom herself appropriately, maintain a normal stream of thought, and maintain sufficient cognitive functioning.  (Id.)  Thus, the ALJ found Dr. Goudy's opinion to be inconsistent with the medical evidence of record and diverged therefrom.  (Id.)

   This court agrees with the ALJ's finding of inconsistency, and holds that it is supported by substantial evidence.  The ALJ's decision makes clear that he found more convincing and reliable the evidence of record from the treating sources at Process Strategies who had an ongoing treatment relationship and whose treatment notes indicate that the plaintiff did maintain consistent mental health treatment, along with the non-examining state agency sources, who generally opined that the plaintiff did not suffer from a severe mental impairment.

**III. Conclusion**

   For the reasons set forth above, the court **CONFIRMS** and **ACCEPTS** the factual and legal analysis contained within the

6

Proposed Findings and Recommendation (Doc. No. 20), **OVERRULES** the plaintiff's objections thereto (Doc. No. 23), **DENIES** plaintiff's motion for judgment on the pleadings (Doc. No. 17), **GRANTS** defendant's motion for judgment on the pleadings (Doc. No. 19), **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the court's active docket. A Judgment Order of even date will be entered effectuating the court's ruling.

The Clerk is directed to provide a copy of this Memorandum Opinion to all counsel of record.

It is **SO ORDERED** this 22nd day of July, 2008.

                ENTER:

                *David A. Faber*
                David A. Faber
                United States District Judge